# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VALDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FORD MOTOR COMPANY,<br><br>　　　　Defendant. | Case No. 1:21-cv-00118-NONE-SAB<br><br>ORDER CONTINUING SCHEDULING CONFERENCE<br><br>(ECF Nos. 4, 5) |

　　This action was removed from the Superior Court of California, County of Fresno, on January 27, 2021, and a scheduling conference was initially set for April 1, 2021. (ECF Nos. 1, 2.) On March 23, 2021, the Court issued a minute order continuing the scheduling conference until April 8, 2021, and ordered the parties to file a joint scheduling conference report one week prior to the conference. (ECF No. 4.) After the deadline to file a joint report expired, on April 2, 2021, Plaintiff filed a status report "re Defendant's failure to conduct the Joint Rule 26(f) Conference. (ECF No. 5.) Plaintiff proffers that in communicating with Defendant between March 10th and 15th, 2021, Defendant informed Plaintiff that because Defendant had declined magistrate jurisdiction, the case would be reassigned to a new judge and the scheduling conference would be vacated. (ECF Nos. 5, 5-1.) The filing contains no further explanation why no stipulation or status report was made to the Court prior to the April 1, 2021 deadline to file a joint scheduling report.

　　The undersigned informs the parties that he remains on as the assigned magistrate judge

1

for this action despite the filing of a declination of magistrate jurisdiction for all purposes, and the declination does not alter magistrate duties that are assigned to magistrate judges under the Local Rules.  As explained in the Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California, issued on January 28, 2021, District Judge Dale Drozd is now presiding over all new cases that will be assigned to the future replacement of Judge Lawrence J. O'Neill, who assumed inactive Senior status, these cases will bear the designation of "NONE" as the assigned district judge, and will continue to bear the initials of the assigned magistrate judge.  (ECF No. 2-2 at 2.)  As further explained in the Amended Standing Order, in addition to motions already assigned to magistrate judges by operation of Local Rule 302(c), District Judge Drozd has ordered further categories of motions to be noticed for hearing before the assigned magistrate judge rather than the district judge.  (ECF No. 2-2 at 2-3.)

The undersigned's order setting the scheduling conference explained the mandatory nature of the scheduling conference, the process for submitting a joint scheduling report, and the process for continuing the scheduling conference or for one party to submit a report if one party fails to participate.  (ECF No. 2 at 2, 7.)  Neither party here complied with the mandates of the order.  It appears both parties failed to sufficiently communicate with the Court and with each other regarding the mandatory scheduling conference.  The Court will continue the scheduling conference and order the parties to submit a joint scheduling report one week prior to the continued conference.  The parties are admonished for not acting more prudently given the orders issued in this action, and are reminded that failure to cooperate and submit a joint scheduling report may result in the imposition of sanctions.  (ECF No. 2 at 7.)

Accordingly, IT IS HEREBY ORDERED that:

1. The scheduling conference set for April 8, 2021, is CONTINUED to **April 29, 2021, at 9:30 a.m.** in Courtroom 9;

2. The parties shall file a joint scheduling report **seven (7) days** prior to the scheduling conference; and

/ / /

/ / /

2

3. If the parties fail to file a joint scheduling report or a status report at least seven (7) days prior to the scheduling conference, the Court may impose sanctions on the offending party or parties.

IT IS SO ORDERED.

Dated: **April 5, 2021**

UNITED STATES MAGISTRATE JUDGE