# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VALDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>FORD MOTOR COMPANY,<br><br>    Defendant. | Case No. 1:21-cv-00118-JLT-SAB<br><br>ORDER REQUIRING DEFENDANT TO SUBMIT SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO MODIFY SCHEDULING ORDER<br><br>(ECF Nos. 10, 14, 16)<br><br>SEVEN DAY DEADLINE |

A scheduling order issued in this action on April 29, 2022, setting among other deadlines, a nonexpert discovery deadline of December 13, 2021, a dispositive motion filing deadline of April 8, 2022, and an expert discovery deadline of May 13, 2022. (ECF No. 10.) On May 10, 2022, Defendant filed a motion to amend the scheduling order, reopening nonexpert discovery and extending all deadlines except for the expert disclosure deadline. (ECF No. 14.) On May 18, 2022, Plaintiff filed a statement of non-opposition to the motion. (ECF No. 16.)

In the moving papers, Defendant primarily proffers the following explanation as for the need to amend the scheduling: "Through no fault of the Parties, compliance with discovery deadlines has become impossible because of the unavailability of or conflicting schedules of attorneys, deposition witnesses and of the Parties' engineers and expert witnesses responsible for preparing reports and inspecting the vehicle at issue," in addition to being "interrupted and delayed due to two deaths in the family of defense counsel in the last half of 2021." (Id. at 3.)

1

While the moving papers explain some of what occurred between the parties since the expiration of the December 13, 2021 nonexpert discovery deadline, the Court cannot find a sufficient demonstration of good cause or diligence to reopen discovery, based on the record before it.  (See ECF No. 14.)  As the issued scheduling order notified the parties: "If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are **ordered to notify the court immediately** of that fact so that adjustments may be made, either by stipulation or by subsequent status conference."  (ECF No. 10 at 6-7 (emphasis added).)  Given the significant length of time that has passed since December 13, 2021, the Court shall require a more thorough explanation of what occurred during the nearly five month period since the expiration of the nonexpert discovery deadline.  Given the Defendant is the only moving party, the Court shall only order Defendant to submit such supplemental briefing, however, given the motion is unopposed and essentially a joint motion, the Court expects Plaintiff to assist Defendant with constructing any timeline or explanation of the course of events demonstrating good cause.

Accordingly, IT IS HEREBY ORDERED that within seven (7) days of entry of this order, Defendant shall file supplemental briefing addressing the diligence and good cause to reopen discovery in this action, as explained in this order.

IT IS SO ORDERED.

Dated:   **May 23, 2022**

UNITED STATES MAGISTRATE JUDGE